# In the United States Court of Federal Claims

## OFFICE OF SPECIAL MASTERS
## No. 21-1428V
UNPUBLISHED

|  |  |
|---|---|
| SALDINA MENDOZA, | Chief Special Master Corcoran |
| Petitioner, | |
| v. | Filed: August 6, 2021 |
| SECRETARY OF HEALTH AND HUMAN SERVICES, | Motion for decision; Dismissal; Tdap Vaccine; Guillain-Barré syndrome ("GBS") |
| Respondent. | |

*Laura Levenberg*, Muller Brazil, LLP, Dresher, PA, for Petitioner.

*Heather L. Pearlman,* U.S. Department of Justice, Washington, DC, for Respondent.

## DECISION[1]

On June 3, 2021, Saldino Mendoza filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. § 300aa—10 through 34,[2] (the "Vaccine Act").[3] Mr. Mendoza alleged that he developed Guillain-Barré syndrome ("GBS") from an Tdap vaccine he received on June 7, 2018. ECF no. 1.

On July 27, 2021, Mr. Mendoza filed a motion for a decision dismissing his petition. ECF no. 7. For the reasons set forth below, Mr. Mendoza's motion is **GRANTED**, and this case is **DISMISSED**.

In his motion, Mr. Mendoza noted that he filed this claim to preserve the statute of limitations and did not file complete medical records with the petition. The PAR Initial

---

[1] Although I have not formally designated this Decision for publication, I am required to post it on the United States Court of Federal Claims' website because it contains a reasoned explanation for the action in this case, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

[3] The caption in the petition identified Mr. Mendoza's first name as "Saldin**a**." However, from the medical records and affidavit filed with the petition, it appears Mr. Mendoza's first name is "Saldin**o**."

Order required Mr. Mendoza to file all the statutorily required documents, including complete medical records supporting the vaccination, pre-vaccination treatment, and post-vaccination treatment. ECF No. 5. Mr. Mendoza received an extension of time but did not file any additional documents to comply with the PAR Initial Order.

On July 27, 2021, Mr. Mendoza filed a motion for a decision dismissing his petition stating that "After further investigation of the facts and science supporting his case have demonstrated to Petitioner that he will be unable to prove that he is entitled to compensation in the Vaccine Program." ECF No. 7.

To receive compensation under the National Vaccine Injury Compensation Program, a petitioner must prove either 1) that the vaccinee suffered a "Table Injury" – i.e., an injury falling within the Vaccine Injury Table – corresponding to one of the vaccinations, or 2) that the vaccinee suffered an injury that was actually caused by a vaccine. *See* §§ 300aa—13(a)(1)(A) and 11(c)(1). Mr. Mendoza alleged a Non-Table claim, i.e., that his injury, GBS, was actually caused by the Tdap vaccination.

Under the Vaccine Act, a petitioner may not receive compensation based solely on the petitioner's claims alone. Rather, the petition must be supported by either medical records or by the opinion of a competent physician. § 300aa—13(a)(1). For a Non-Table claim, a petitioner must satisfy all three of the elements established by the Federal Circuit in *Althen v. Sec'y of Health & Hum. Servs.*, 418 F.3d 1274, 1278 (2005): "(1) a medical theory causally connecting the vaccination and the injury; (2) a logical sequence of cause and effect showing that the vaccination was the reason for the injury; and (3) a showing of proximate temporal relationship between vaccination and injury."

Initially, Mr. Mendoza has not filed complete medical records as a preliminary statutory requirement to compensation in the Vaccine Program. In regard to the requirements of a Non-Table claim, he has not submitted sufficient evidence to establish the Althen prongs, such as an expert report proposing a medical theory. Moreover, Mr. Mendoza admitted in his motion for a decision that he will not be able to establish entitlement to compensation.

Thus, Petitioner has failed to establish entitlement to compensation in the Vaccine Program. **This case is dismissed for insufficient proof. The clerk shall enter judgment accordingly.[4]**

**IT IS SO ORDERED.**

<u>s/Brian H. Corcoran</u>
Brian H. Corcoran
Chief Special Master

---

[4] If Petitioner wishes to bring a civil action, he must file a notice of election rejecting the judgment pursuant to § 21(a) "not later than 90 days after the date of the court's final judgment."